OPINION OF THE COURT
James F. Niehopf, J.
The complaint in this action dated September 8, 1972 alleges that the defendants Marvin Plotnick and Eileen Plotnick were the owners of a certain air rifle which they negligently entrusted to their infant son Ricky who, on May 6, 1972, shot *640 the infant plaintiff Kevin K. McBride. The answer interposed on behalf of the defendants sets forth the usual denials.
By summons dated February 27, 1975 the defendants instituted a third-party action naming Michael McBride and his parents Kenneth L. McBride and Mary A. McBride as third-party defendants. The third-party complaint alleges that Michael McBride and not Ricky Plotnick was the party who fired the shot which injured Kevin McBride. Furthermore, the third-party complaint alleges, inter alia, that Mr. and Mrs. McBride had borrowed the gun from the Plotnicks on a number of previous occasions and had carelessly instructed Michael in the proper use thereof.
On May 12, 1976 the main action was settled between the plaintiffs and the defendants and the third-party action was severed. On May 24, 1976 Mr. Justice Thomas P. Farley signed an infant’s compromise order thereby completing the settlement of the main action. The present motion before th court is one made on behalf of the third-party defendants for an order dismissing the third-party action. It is the contention of the third-party defendants that by having settled with the primary plaintiffs the third-party plaintiffs have waived their right to continue the third-party action. In support of their position the movants point to the provisions of subdivision (c) of section 15-108 of the General Obligations Law.
Said subdivision (c) of section 15-108 of the General Obligations Law reads as follows: "(c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
The words of subdivision (c) of section 15-108 of the General Obligations Law are free from ambiguity and clearly express the legislative intent that as a price of obtaining his or her release from liability a settling tort-feasor must surrender any rights of contribution from any other tort-feasor. When faced with statutes framed in clear language the function of the courts is to enforce them and not to usurp the power of the Legislature. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) Applying the mandate of subdivision (c) of section 15-108 of the General Obligations Law to the facts at bar the court is constrained to grant the motion made by the third-party defendants to dismiss the third-party action.
While the court is satisfied that the Legislature has clearly evinced its intention to preclude a settling tort-feasor from obtaining contribution from any other person, the court is not *641 convinced of the wisdom of the legislative judgment when applied to facts like those at bar. There appears to be no sound reason why the Plotnicks should not be able to look to the third-party defendants for contribution (assuming that third-party defendants are partially at fault) since by settling the entire main action they have, in actuality, exceeded their equitable share of the damages sustained by Kevin McBride. Indeed, it could very well be argued that subdivision (c) of section 15-108 of the General Obligations Law applies only when a tort-feasor has obtained his own release from liability and does not apply in a case such as this where the tort-feasor has theoretically obtained everyone’s release from liability by settling the main action. However that may be, the clarity of the statute in question appears to prevent any such construction of the same.
In short, the provisions of subdivision (c) of section 15-108 of the General Obligations Law render the Plotnicks volunteers to the extent that they have paid more than that which they consider to be their equitable share and preclude them from recovering any portion of the payments made in settlement of the main action even though the third-party defendants may have been guilty of active negligence which was a proximate cause of Kevin McBride’s injuries.